O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Plaintiffs David Allen, John David Allen, the Estate of Jamie Lamar Allen, and Kelly Lamar, *pro se*, have moved for leave to file a Second Amended Complaint ("SAC") amending their First Amended Complaint ("FAC").[1] For the following reasons, the Court DENIES Plaintiffs' motion.

## I.    BACKGROUND

In June 2005, Plaintiffs obtained a mortgage loan secured by a Deed of Trust in favor of Washington Mutual Bank FA,[2] with California Reconveyance Company ("CRC") as the trustee. On January 24, 2008, Quality Loan Service Corp. replaced CRC as the new trustee. An Assignment of the Deed of Trust ("the Assignment") was recorded on June 17, 2009, transferring the beneficial interest in the Deed of Trust to Wells Fargo Bank NA ("Wells Fargo"). On that same day, CRC was substituted back in as the new trustee. When Plaintiffs became delinquent on their mortgage payments, CRC recorded a Notice of Default and a Notice of Trustee's Sale. Plaintiffs then applied for a loan modification under the Home Affordable Modification Program ("HAMP") in January 2010. (Defs.' Mot. to Dismiss 2, Dkt. 19.) The following chronology tracks the instant litigation after Plaintiffs' HAMP modification package was denied:

---

[1] Dkt. 47.

[2] JP Morgan Chase Bank NA ("Chase Bank") is the successor in interest to WaMu.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

| Date | Event | Citation |
|---|---|---|
| April 27, 2011 | Plaintiffs file a lawsuit, alleging four claims:<br>    (1) Breach of Contract<br>    (2) Promissory Estoppel<br>    (3) Violation of Cal. Bus. & Prof. Code § 17200<br>    (4) Violation of Cal. Civ. Code §§ 1572, 1709, 1710<br>       (Fraud)<br>Plaintiffs name as Defendants JP Morgan Chase Bank NA, Washington Mutual Bank FA, and Does 1 through 10, Real Parties in Interest. | Dkt. 1 |
| 5/25/2011 | Defendants move to dismiss the Complaint. The Court denies the motion as to counts 1 through 3, but dismisses Count 4 (Fraud) with leave to amend. | Dkt. 12 |
| 10/3/2011 | Plaintiffs file the FAC, alleging the following causes of action:<br>    (1) Breach of Contract<br>    (2) Promissory Estoppel<br>    (3) Unfair Business Practices, in violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200<br>    (4) Fraud<br>Plaintiffs add as Defendants Chase Home Finance LLC and California Reconveyance Company. | Dkt. 17 |
| 10/17/2011 | Defendants move to dismiss the fraud claim. The Court denies the motion. | Dkt. 19; Dkt. 24 |
| 12/12/2011 | Defendants answer the FAC, asserting 21 affirmative defenses. | Dkt. 26 |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

| Date | Event | Citation |
|---|---|---|
| 2/17/2012 | Plaintiffs file their First Requests for Production of Documents eight days after the formal commencement of discovery, containing 32 requests. Request No. 1 seeks trust organizing documents and examination of the original promissory note "to verify lawful assignment." | Allen Decl. ¶ 6, Dkt. 51 |
| 3/22/2012 | Defendants respond to Plaintiffs' First Requests for Production of Documents and object to many of the requests.[3] | Pls.' Reply 3:12-15; Allen Decl. ¶ 8 |
| 4/11/2012 | Plaintiffs serve a formal Request to Meet and Confer with Defendants to resolve the disputed discovery responses. | Allen Decl. ¶ 12 |
| 4/16/2012 | Deadline to amend the pleadings or add a party, pursuant to the 2/6/2012 Scheduling Order. | Dkt. 39 |
| 5/1/2012 | Defendants agree at Meet and Confer to provide to Plaintiffs the Promissory Note, the Pooling & Service Agreement, the Mortgage Loan Purchase Agreement, and other documents. The Promissory Note was produced for copying on June 13, 2012. It is not clear from the parties' papers whether any of the other documents were produced. | Allen Decl. ¶¶ 14-18; Pls.' Reply 5:16-20 |

---

[3]Defendants do not specifically respond to Plaintiffs' claims that they have failed to comply with individual discovery requests. Instead, they state that they have complied with Plaintiffs' Requests and have provided responsive documents. (Defs.' Opp'n 4:25-27 ("Defendants deny . . . that they have unjustifiably failed to produce documents requested during discovery. To the contrary, Defendants have, in good faith, responded to discovery and produced responsive documents.").)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

| Date | Event | Citation |
|---|---|---|
| 5/15/2012 | Defendants provide responsive documents. Plaintiffs claim that the documents consist of "2,377 pages of miscellaneous documents which were unsorted, were not divided into categories, and did not specify which [document requests] they purported to satisfy." It is not clear from the record whether Plaintiffs relied on these documents in framing their proposed Second Amended Complaint ("SAC"). | Pls.' Reply 4:4-6, 5:13-15; Allen Decl. ¶ 19 |
| 5/31/2012 | Plaintiffs file this Motion to Amend the FAC, and they attach a proposed SAC, to do the following:<br>• (1) Clarify and plead with more specificity counts 1 through 4, which "are essentially unchanged from the [FAC]" (Mot. 12:9-11);<br>• (2) Add six causes of action (Counts 6 through 10) for: breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, negligent infliction of emotional distress, cancellation of instrument, quiet title, and quasi-contract;<br>• (3) Increase the demand for punitive damages; and<br>• (4) Add as a party Wells Fargo Bank NA. | Dkt. 47 |

## II.   LEGAL STANDARD

Generally, Rule 15(a) liberally allows for amendments to pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, once the Court files a pretrial scheduling order establishing a timetable for amending the pleadings, Rule 16 applies. *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)). Under Rule 16(b), a party seeking to amend the pleadings after date specified in the scheduling order must first show "good cause" for amendment. *Johnson*, 975 F.2d at 608. "'Good cause' means scheduling deadlines cannot be met despite [the]

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

party's diligence." *Id.* at 609 (internal citations omitted). When the party seeking the amendment was not diligent, "the inquiry should end." *Id.*

In this case, Plaintiffs moved under Rule 15 of the Federal Rules of Civil Procedure. The Court applies Rule 16, however, because the Scheduling Order, which set April 16, 2012 as the deadline to amend the pleadings or add a party, is in effect.

### III. ANALYSIS

#### 1. The Original Claims: Breach of Contract, Promissory Estoppel, Unfair and Unlawful Business Practices, and Fraud (Counts 1 through 4)

Plaintiffs' motion seeks leave to amend the FAC to clarify these four causes of action. Although they admit that these claims "are essentially unchanged from the FAC," (Pls.' Mot. to Amend 10:1–2, 12:10–11), Plaintiffs argue that newly discovered evidence "gives added substance to the allegations." (Pls.' Mot. to Amend 10:28.) That evidence consists of an April 13, 2011, Office of the Comptroller of the Currency Consent Cease & Desist Order, which cites Chase Bank for "unsafe or unsound banking practices," and a February 9, 2012, Federal Reserve Board National Mortgage Settlement Agreement, which sanctions Chase Bank for the same types of unsound banking practices. Both of these documents were available in the public domain and therefore available to Plaintiffs before the deadline for amending the pleadings.[4]

The substance of Plaintiffs' claims has not changed. Plaintiffs' theories have not changed. As far as the Court can tell, in the proposed SAC Plaintiffs merely change the wording of a few paragraphs in the FAC, which the Court already found sufficient to withstand a motion to dismiss. Indeed, the proposed references to the supposed "newly discovered evidence" are just that - - references to evidence, not grounds for or the basis of a new theory. As such, plaintiffs are entitled to attempt to use this evidence anyway, to support their existing claims. Accordingly, the Court DENIES Plaintiffs' motion to

---

[4] Plaintiffs have not revealed when they became aware of the documents or when the documents became available in the public domain. The record does show, however, that Plaintiffs possessed at least the Cease & Desist Order prior to February 21, 2012. *See* Pls.' Request for Judicial Notice 1 n.1, Dkt. 46.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

amend with respect to Counts 1 through 4.

**2.  Proposed Counts 5, 6, and 7: Tortious Breach of the Covenant of Good Faith and Fair Dealing, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress**

Plaintiffs' motion and reply are not clear on the interrelationship of these causes of action. As far as the Court can tell, Plaintiffs' theory is that the parties were engaged in a "special relationship" by virtue of their contractual dealings. Plaintiffs argue that when the party with more bargaining power in a special relationship breaches the covenant of good faith and fair dealing, the weaker party suffers a greater degree of emotional distress. *See* Pls. Reply 10:7-9 (stating that Plaintiffs seek to add these causes of action "to properly allege a fiduciary duty owed to the Plaintiffs by the Defendants as the underlying grounds for a claim of infliction of emotional distress which was improperly pleaded in the FAC"). They appear to argue that without a cause of action for tortious breach of the covenant of good faith and fair dealing, the contract remedies prayed for in the FAC are inadequate to permit full recovery.

Plaintiffs offer two reasons for their failure to allege tortious breach of the covenant of good faith and fair dealing in the Complaint and FAC: (1) "ignorance of the law," and (2) "newly discovered evidence of a 'pattern and practice of conduct' by the Defendants" stemming from the Consent Cease & Desist Order and the National Mortgage Settlement Agreement. (Pls. Mot. 12:14-16.) Plaintiffs further aver that they need to add this cause of action because it "is a logical extension of [their] request for relief for breach of contract where breach sounds in tort and contract remedies are inadequate." (Pls. Mot. 12:19-20.)

Plaintiffs also argue that they should be able to amend the FAC to add causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress because they actually pleaded the relevant conduct and acts of Defendants in the Complaint and FAC, and merely erred in stating the claims as prayers for damages rather than as separate causes of action in the FAC. *See* Pls.' Mot. 18:26-27, 20:18-20 (citing FAC 35:6-10 ("As to Count 4 of the Complaint, a finding that the Defendants have violated § 1572 of the California Civil Code, actual fraud; that . . . the Plaintiffs have suffered extreme emotional distress as a direct and proximate result thereof; and that the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

Plaintiffs are entitled to compensatory damages . . . .")).

It is likely that Plaintiffs' effort to convert a standard commercial relationship into a fiduciary relationship would be futile. It also is equally likely that the two "emotional distress" proposed causes of action could not withstand a Rule 12(b)(6) motion. But there are other reasons why Plaintiffs should not be permitted to allege these claims. Specifically, Plaintiffs do not argue that they lacked facts or the opportunity to allege these claims in their previous complaints. Instead, Plaintiffs contend that their errors stemmed from "ignorance of the law." (Pls.' Mot. to Amend 12:14-15.) The Court is aware that Plaintiffs are proceeding *pro se* and its prior rulings reflect sensitivity to their difficulty. But rules are rules and Plaintiffs' excuses are not a sufficient basis to allow for amendment at this stage. Accordingly, the Court DENIES Plaintiffs' motion to amend with respect to Counts 5, 6, and 7.

### 3. Counts 8, 9, and 10: Cancellation of Instrument, Quiet Title, and Quasi-Contract

These are the only counts which Plaintiff alleges against Wells Fargo, which was not previously named as a defendant, but is referred to in the FAC, *e.g.*, ¶¶ 54-56. Moreover, these causes of action are truly incomprehensible and they do not state viable claims. Amendment may be denied on that basis alone. Plaintiffs have a potentially viable lawsuit under the FAC. But they appear intent on pursuing fanciful claims that will cause them to fall into the trap of engaging in endless pleading disputes. They should focus on their existing claims. Moreover, if they wish to add Wells Fargo to those claims, they may do so by designating it as a Defendant previously sued as a "Doe Defendant" - - providing they specify in which of the pending claims Wells Fargo may be named a defendant and do so consistent with the requirements of Rule 11. [5]

## DISCOVERY

---

[5] In this regard, the Court notes that Plaintiffs seek to add as a party Wells Fargo based on its role as a trustee for the trust that purportedly holds the beneficial interests of the loan that is the subject of this lawsuit. Plaintiffs argue that "the economic interest of Wells Fargo Bank was not clear, *is* not clear, and its legal standing is challenged pending discovery" of the trust organizing documents currently being withheld by Defendants. (Pls.' Reply 6:14-17.)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

Plaintiffs argue that leave to amend should be granted because Defendants withheld documents during discovery that show "Defendants never had standing to contract with the Plaintiffs in the first place," and that this contention, if true, changes the nature of Plaintiffs' request for relief. (Pls.' Mot. 6:23-25.) The requested discovery includes "the organizing documents of the trust that purports to hold beneficial interest in the Plaintiffs' mortgage" ("the trust organizing documents"). (Pls. Mot. 23:27-24:1.) The trust organizing documents are comprised of Plaintiffs' original promissory note, the Pooling & Service Agreement, and the Mortgage Loan Purchase Agreement. (Pls. Mot. 24:1-4.) According to Plaintiffs, as of June 18, 2012, Defendants have only made available the promissory note, which they produced on June 13, 2012, two weeks before Plaintiffs filed the instant motion.

The Court is not in a position to evaluate whether Defendants' counsel have complied with the rules and with their obligations, but if the Plaintiffs' contentions are accurate, the Court would have grave concerns about their conduct. The Non-Expert Discovery cut-off is September 10, 2012. If these unrepresented Plaintiffs are forced to seek Orders compelling compliance with their requests or imposing sanctions on Defendants, and if such motions are not fully adjudicated by the September 10th deadline, the Court will entertain an application by Plaintiffs to extend that deadline. Defendants, in short, should not take advantage of these unrepresented plaintiffs.

### 4. Increased Demand for Punitive Damages

Plaintiffs raise three arguments in support of their increased demand for punitive damages: (1) Plaintiffs have learned of new evidence that supports their allegations of Defendants' wrongdoing; (2) Defendants have engaged in improper conduct with respect to the litigation process; and (3) Plaintiffs are entitled to treble damages under Cal. Civ. Code § 3345 because Defendants are attempting to exploit Plaintiff David Allen's disability. (Pls.' Mot. 26:1-27:24.)

None of these arguments warrants amendment. The Court deems item 5 under the Prayer for Relief in the FAC to allow Plaintiffs to seek to recover punitive damages if they succeed in proving their fraud claim.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3609 AHM (CWx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN, et al. v. JP MORGAN CHASE BANK N.A., et al. | | |

A party's litigation conduct, if found to be improper, may provide grounds for sanctions but is not an appropriate consideration for an assessment of punitive damages. Accordingly, the Court DENIES Plaintiffs' request to increase the demand for punitive damages.

## IV. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiffs' motion to amend their First Amended Complaint.

No hearing is necessary. Fed. R. Civ. P. 78; Local Rule 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |