O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV11-03609-AHM (CWx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN et al. v. JP MORGAN CHASE BANK NA, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Allen, *pro se* | John M. Sorich<br>LaShon Harris |

| **Proceedings:** | MOTION for Partial Summary Judgment filed by Defendant, California Reconveyance Company, Chase Home Finance LLC, JP Morgan Chase Bank NA, Washington Mutual Bank FA [64] (non-evidentiary) |
|---|---|

Defendants JPMorgan Chase Bank, N.A. ("Chase") and California Reconveyance Company (collectively, "Defendants") bring this motion for partial summary adjudication against Plaintiffs David Allen ("Allen"), Kelly Lamar, John David Allen, and the Estate of Jamie Lamar Allen, *pro se*.[1] After questioning counsel and hearing oral argument, for the reasons stated on the record and as discussed below, the Court GRANTS in part and DENIES in part Defendants' motion.

Additionally, the Court ORDERS the parties to proceed to the Court's Pilot Program for Loan Modification Mediation. Further order to issue. The Court intends to stay the case while the parties are in mediation.

## I.   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court GRANTS the motion on all claims as to all plaintiffs other than David Allen. The three additional plaintiffs were not borrowers under the promissory note or parties to the Trial Period Plan—and they admitted as much in their responses to Defendants' requests for admission. Those three plaintiffs therefore lack standing to pursue breach of contract, promissory estoppel, and fraud claims arising from the subject loan. *See* Cal. Civ. Code § 1550 (listing the elements essential to a contract, including "parties capable of contracting" and "their consent"); Cal. Civ. Code § 1558 ("It is

---

[1] Dkt. 64. Defendants label their motion as one for "partial summary judgment."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV11-03609-AHM (CWx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | DAVID ALLEN et al. v. JP MORGAN CHASE BANK NA, et al. | | |

essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them."); *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1044 (Cal. Ct. App. 2010) ("[A] promise is an indispensable element of the doctrine of promissory estoppel.").

The Court GRANTS in part and DENIES in part the motion with respect to David Allen.  Allen may proceed with his claims for breach of contract and promissory estoppel.  Additionally, Allen may pursue his fraud claim aimed at Defendants' conduct during the loan modification process.  However, Allen has no standing to proceed on the additional theories of fraud addressed by Defendants, including flawed securitization and concealment.  *See, e.g.*, *Bernardi v. JPMorgan Chase Bank, N.A.*, 2012 WL 2343679, at *2 (N.D. Cal. June 20, 2012) (noting on motion to dismiss declaratory relief claim, where plaintiff alleged wrongful foreclosure claim based on failure to abide by securitization agreement, that "Plaintiff lacks standing to allege a breach of the [Pooling and Servicing Agreement] because she is neither a direct party to nor a third-party beneficiary of that agreement").

|  | : | 25 |
|---|---|---|
| Initials of Preparer | | SMO |